**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000102
09-SEP-2025
07:52 AM
Dkt. 38 SO**

NO. CAAP-23-0000102

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

CYNTHIA McKELLAR, Plaintiff-Appellant, v.
OUTFITTERS KAUAI, LTD., Defendant-Appellee,
and
DOE EMPLOYEE I; DOE COMPANY II; DOE COMPANY III;
DOE ENTITY IV; DOES V-X; AND ROE BUSINESS
ENTITIES XI-XX, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5CCV-21-0000141)

SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, and McCullen and Guidry, JJ.)

This appeal stems from a personal injury lawsuit brought by Plaintiff-Appellant Cynthia McKellar (**McKellar**) against Defendant-Appellee Outfitters Kauai, Ltd. (**Outfitters**). McKellar appeals from the following order and judgment entered in the Circuit Court of the Fifth Circuit[1] (**Circuit Court**):  (1) the February 2, 2023 "Order Granting . . . Outfitters['] Motion to Dismiss the Complaint, or, in the Alternative, for Summary Judgment, Filed May 24, 2022 [Dkt. 29]" (**MSJ Order**); and (2) the October 23, 2023 Final Judgment (**Judgment**) entered in favor of Outfitters.[2]  McKellar also challenges the Circuit Court's

---

[1]     The Honorable Kathleen N.A. Watanabe presided.

[2]     McKellar filed her notice of appeal on March 2, 2023.  We subsequently remanded the case for entry of a final judgment.  Under Hawaiʻi Rules of Appellate Procedure Rule 4(a)(2), McKellar's premature appeal, filed after entry of the MSJ Order but before entry of the Judgment, is "considered as filed immediately after" the entry of the Judgment.

April 10, 2023 "Findings of Fact, Conclusions of Law, and Order Granting . . . Outfitters['] Motion to Dismiss the Complaint, or, in the Alternative, for Summary Judgment, Filed May 24, 2022, Dkt. 29".

McKellar allegedly slipped and fell while disembarking from a boat operated by Outfitters, injuring her shoulder. She sued Outfitters, asserting two negligence-based claims. The Circuit Court granted Outfitters' motion to dismiss the complaint or, in the alternative, for summary judgment (**MSJ**), concluding "there were 'no genuine issues of material fact.'" More specifically, the court concluded that: (1) "[i]t was [McKellar's] own negligence that was the cause of her alleged injury"; (2) "Outfitters clearly and expressly disclosed the possible risks associated with participating in the tour via the Release given to and signed by all patrons, including [McKellar]"; (3) "[McKellar] expressly agreed to 'release, indemnify, and hold harmless' Outfitters 'with respect to any and all injury'"; and (4) "[McKellar] . . . failed to exercise ordinary care by following simple instructions or even by following the other, uninjured, patrons off the vessel."

On appeal, McKellar contends that the Circuit Court erred: (1) "in considering a waiver pursuant to [Hawaii Revised Statutes (**HRS**)] § 663-1.54" (quoted <u>infra</u>); (2) "in granting summary judgment where a genuine issue of material fact exists by statute" (emphasis omitted); (3) "in making several findings of fact that were reserved to the jury"; and (4) "in finding that [McKellar] assumed the risk of her injury . . . ." McKellar also contends that "the Circuit Court abused its discretion in denying [her] relief pursuant to Hawaiʻi Rules of Civil Procedure [(**HRCP**)] Rule 56(f)."

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve McKellar's contentions as follows, and vacate.

McKellar contends that the Circuit Court erred in construing the release of liability (**Release**) she signed as a waiver of Outfitters' liability for her injuries, where HRS

§ 663-1.54 expressly excludes a defendant's own negligence from the scope of a valid waiver. McKellar further contends that in applying HRS § 663-1.54, the Circuit Court improperly made findings of fact that were reserved for the jury.

We review a grant of summary judgment de novo. <u>Nozawa v. Operating Engineers Local Union No. 3</u>, 142 Hawaiʻi 331, 338, 418 P.3d 1187, 1194 (2018) (citing <u>Adams v. CDM Media USA, Inc.</u>, 135 Hawaiʻi 1, 12, 346 P.3d 70, 81 (2015)). The moving party has the burden to introduce admissible evidence to establish the material facts, show there is no genuine issue as to any of them, and explain why it is entitled to a judgment as a matter of law. <u>Id.</u> at 342, 418 P.3d at 1198 (citing and quoting <u>French v. Haw. Pizza Hut, Inc.</u>, 105 Hawaiʻi 462, 470, 99 P.3d 1046, 1054 (2004)). A fact is material if it would establish or refute an element of a cause of action or defense. <u>Id.</u> (quoting <u>Adams</u>, 135 Hawaiʻi at 12, 346 P.3d at 81). We view the evidence in the light most favorable to the non-moving party. <u>Id.</u> (quoting <u>Adams</u>, 135 Hawaiʻi at 12, 346 P.3d at 81).

Outfitters based its MSJ on three arguments: (1) McKellar executed a valid release of liability – namely, the Release – by which she gave up her rights to hold Outfitters liable for her injuries and expressly assumed the risk of injury; (2) McKellar, knowing the risk, failed to exercise due care and contributed to her own injury; and (3) public policy afforded Outfitters a complete defense under the Release. Each of these arguments was based on an affirmative defense to McKellar's negligence claims, and each relied at least in part on the validity of the Release and the alleged adequacy of its risk disclosures. Outfitters thus had the burden of proving facts essential to the asserted defenses. <u>See</u> <u>U.S. Bank Nat'l Ass'n v. Castro</u>, 131 Hawaiʻi 28, 41, 313 P.3d 717, 730 (2013). The Circuit Court appears to have adopted each of Outfitters' arguments in granting the MSJ.

On appeal, Outfitters does not dispute that HRS § 663-1.54 applies here, and does not directly address whether that section precludes a waiver of Outfitters' alleged negligence. Outfitters argues, however, that the determination of whether a

risk was inherent or not [under section 663-1.54] was a decision to be made by the [Circuit Court,]" because McKellar allegedly waived her right to a jury trial.

HRS § 663-1.54 (2016) provides:

> **Recreational activity liability**.  (a)  Any person who owns or operates a business providing recreational activities to the public, such as, without limitation, scuba or skin diving, sky diving, bicycle tours, and mountain climbing, shall exercise reasonable care to ensure the safety of patrons and the public, and shall be liable for damages resulting from negligent acts or omissions of the person which cause injury.
>
> (b)  Notwithstanding subsection (a), owners and operators of recreational activities shall not be liable for damages for injuries to a patron resulting from inherent risks associated with the recreational activity if the patron participating in the recreational activity voluntarily signs a written release waiving the owner or operator's liability for damages for injuries resulting from the inherent risks.  No waiver shall be valid unless:
>
> > (1)  The owner or operator first provides full disclosure of the inherent risks associated with the recreational activity; and
> >
> > (2)  The owner or operator takes reasonable steps to ensure that each patron is physically able to participate in the activity and is given the necessary instruction to participate in the activity safely.
>
> (c)  The determination of whether a risk is inherent or not is for the trier of fact.  As used in this section an "inherent risk":
>
> > (1)  Is a danger that a reasonable person would understand to be associated with the activity by the very nature of the activity engaged in;
> >
> > (2)  Is a danger that a reasonable person would understand to exist despite the owner or operator's exercise of reasonable care to eliminate or minimize the danger, and is generally beyond the control of the owner or operator; and
> >
> > (3)  Does not result from the negligence, gross negligence, or wanton act or omission of the owner or operator.

(Emphases added.)

The plain language of section 663-1.54 expressly precludes a waiver of the recreational owner or operator's liability for negligence.  Id.; see S. Stand. Comm. Rep. No. 1537, in 1997 Senate Journal, at 1476 ("[T]his measure is necessary to more clearly define the liability of providers of

commercial recreational activities by statutorily validating inherent risk waivers signed by the participants. Your Committee further finds that these inherent risk waivers require providers to disclose known risks to the participants, but these waivers do not extend immunity to providers for damages resulting from negligence." (emphasis added)); see also King v. CJM Country Stables, 315 F. Supp. 2d 1061, 1065–66 (D. Haw. 2004) ("Section 663–1.54(a) explicitly precludes waiving liability for negligence.").

Here, the Circuit Court concluded in COL 11 that "[McKellar] expressly agreed to 'release, indemnify, and hold harmless' Outfitters 'with respect to any and all injury[.]'" To the extent the court construed the Release as a waiver of Outfitters' liability for its alleged negligence, the court erred.

The court further erred in relying on the Release in granting summary judgment where a genuine issue of material fact existed as to whether the risk of McKellar's slip-and-fall incident was an "inherent" risk of the relevant recreational activity. Section 663–1.54(c) expressly states that the "determination whether a risk is inherent or not is for the trier of fact." Contrary to Outfitters' strained argument, the Circuit Court did not purport to conduct a trial and did not "bec[o]me the trier of fact." The court quite clearly decided a motion for summary judgment. In this context, Section 663–1.54(c) created a genuine issue of material fact as to whether the risk at issue was "inherent." See King, 315 F. Supp. 2d at 1067. This statutorily-imposed genuine issue of fact precluded summary judgment on the basis of the Release as a matter of law. Because each of the bases for summary judgment was dependent at least in part on the validity of the Release, the Circuit Court erred in granting the MSJ.[3]

---

[3] We further note that under HRS § 663-31, contributory negligence does not bar recovery in a negligence action, as long as the plaintiff's negligence is not greater than the negligence of the defendant. This determination must be made in accordance with the procedure set forth in HRS § 663-31(b) and (c). That procedure was not followed here.

Given our conclusion, we need not reach McKellar's remaining contentions. We note, however, that in granting the MSJ, the Circuit Court made extensive findings of fact to support its conclusions of law, some of which also state factual findings. We emphasize that a circuit court deciding a motion for summary judgment does not make findings of fact. If the facts are controverted, summary judgment should be denied. See HRCP Rule 56(c).

For the reason discussed above, the following are vacated: (1) the February 2, 2023 "Order Granting Defendant Outfitters Kauai, Ltd.'s Motion to Dismiss the Complaint, or, in the Alternative, for Summary Judgment, Filed May 24, 2022 [Dkt. 29]"; (3) the April 10, 2023 "Findings of Fact, Conclusions of Law, and Order Granting Defendant Outfitters Kauai, Ltd.'s Motion to Dismiss the Complaint, or, in the Alternative, for Summary Judgment, Filed May 24, 2022, Dkt. 29"; and (2) the October 23, 2023 Final Judgment. This case is remanded to the Circuit Court for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawaiʻi, September 9, 2025.

On the briefs:

Christopher D. Burk
(The Patriot Law Firm Corp.)
for Plaintiff-Appellant.

/s/ Clyde J. Wadsworth
Presiding Judge

Randall K. Schmitt
(McCorriston Miller Mukai
MacKinnon LLP)
for Defendant-Appellee.

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge